UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON,<br><br>                Petitioner,<br>v.<br><br>JEREMY BEAN, et al.,<br><br>                Respondents. | Case No. 2:23-cv-00031-RFB-DJA<br><br>**ORDER** |

      This habeas matter is before the Court on pro se Petitioner Matthew Travis Houston's Application to Proceed In Forma Pauperis (ECF No. 1) and for initial review under the Rules Governing Section 2254 Cases.[1]  For the reasons discussed below, the Court orders Houston to show cause in writing within 30 days as to why this action should not be dismissed without prejudice for failure to exhaust his claims in state court.

**I.  Background**

      Houston challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. State of Nevada v. Matthew Houston, Case No. C-21-357927-1.[2]  On December 8, 2021, the state court entered a judgment of conviction for aggravated stalking and sentenced Houston to 24 to 96 months.  Houston filed a notice of appeal on February 18, 2022. The Nevada Supreme Court dismissed Houston's appeal for lack of jurisdiction based on Houston's untimely notice of appeal. Matthew Houston v. State of Nevada, Case No. 84281.  On May 26, 2022, Houston filed a state petition for writ of habeas corpus. Matthew Houston v. Calvin Johnson, Case No. C-21-357927-1.  His state habeas petition appears to remain pending.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts.  The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

## II. IFP Application

The Court has considered Petitioner's IFP application along with the attached financial documents and concludes that he cannot pay the $5.00 filing fee. The IFP application will therefore be granted.

## III. Order to Show Cause

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based, id. (quoting Gray v. Netherland, 518 U.S. 152, 162–63 (1996)), and to do so in accordance with established state procedures, Kellotat v. Cupp, 719 F.2d 1027, 1030 (9th Cir. 1983). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999); Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, it appears that Houston's claims are wholly unexhausted and are subject to dismissal without prejudice. Accordingly, Houston will be required to show cause in writing within 30 days of the date of this order, why this action should not be dismissed because of his failure to exhaust his claims in Nevada courts.

///

**IT IS THEREFORE ORDERED:**

1. Petitioner's Application to Proceed <u>In Forma Pauperis</u> (ECF No. 1) is GRANTED.

2. Within 30 days of the entry of this order, Petitioner must file a "Response to Order to Show Cause," showing cause in writing why this action should not be dismissed without prejudice because of his failure to exhaust his claims in state court. Houston's showing must be factually detailed, and must, where possible, be supported by exhibits.

3. Failure to timely and fully comply with this order will result in the dismissal of this action without prejudice and without further advance notice.

DATED this 9th day of February, 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE