# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MATTHEW TRAVIS HOUSTON,

                          Petitioner,

    v.

JEREMY BEAN, et al.,

                        Respondents.

Case No. 2:23-cv-00031-RFB-DJA

**ORDER**

This <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court following Petitioner Matthew Travis Houston's response (ECF Nos. 10, 15, 17) to the Court's order to show cause why the petition should not be dismissed as unexhausted.  Also, before the Court are Petitioner's Motion Ex Parte Emergency Letter (ECF No. 3), Motion to Expedite Screening (ECF No. 4), Motion for Recusal of Judge (ECF No. 5), Motion for Reconsideration (ECF No. 6), Motion for Reconsideration (ECF No. 9),  Motion to Add Defendant (ECF No. 10), Motion to Compel (ECF No. 12), Motion to Compel an Answer (ECF No. 13), Motion to Extend Time (ECF No. 14), Motion to Add Defendant (ECF No. 16), Motion for Appointment of Counsel (ECF No. 17), and Motion for Declaration of Default Judgment (ECF No. 18).

For the reasons discussed below, the Court dismisses this action without prejudice for failure to exhaust his claims in state court and denies Petitioner's motions.

## I.    Background

Houston challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. <u>State of Nevada v. Matthew Houston</u>, Case No. C-21-357927-1.  On December 8, 2021, the state court entered a judgment of conviction for aggravated stalking and sentenced Houston to 24 to 96 months.  Houston filed a notice of appeal on February 18, 2022.  The Nevada Supreme Court dismissed Houston's appeal for lack of jurisdiction based on Houston's untimely notice of appeal. <u>Matthew Houston v. State of Nevada</u>, Case No. 84281.  On May 26, 2022, Houston filed a state petition for writ of habeas corpus. <u>Matthew Houston v. Calvin</u>

Johnson, Case No. C-21-357927-1.  His state habeas petition appears to remain pending.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014).  Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based, id. (quoting Gray v. Netherland, 518 U.S. 152, 162–63 (1996)), and to do so in accordance with established state procedures, Kellotat v. Cupp, 719 F.2d 1027, 1030 (9th Cir. 1983).  To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999); Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

## II.   Discussion

The show cause order explained that Petitioner's claims are subject to dismissal because they are wholly unexhausted.  Petitioner's response is hard to make out.  He does not address why this action should not be dismissed because of his failure to exhaust his claims in Nevada courts. As best as the Court can tell, Petitioner alleges that he was falsely arrested, that he suffered a work related injury, and attaches exhibits of cases he has filed in state court that are unrelated to his state habeas post-conviction claims.

In addition, although Petitioner appears to assert three grounds for relief in his petition, he does not concisely state the facts supporting each ground. (ECF No. 1-1.)  Moreover, while Petitioner appears to allege claims of ineffective assistance of counsel, his petition includes a 103-page attachment and statements that are plainly frivolous, fanciful, and delusional.  The Habeas Rules require that a petition: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner [or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242]. Habeas Rule 2(c).  To comply with

this rule, a petitioner must state specific particularized facts that entitle him to habeas relief for each ground alleged. <u>Mayle v. Felix</u>, 545 U.S. 644, 649 (2005). The facts alleged must provide sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition should proceed. <u>Adams v. Armontrout</u>, 897 F.2d 332, 334 (8th Cir. 1990). However, "a habeas petition should not resemble a treatise. Effective writing is concise writing." <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1031 n.2 (11th Cir. 1994) (noting that a multi-volume 376-page habeas petition raising 23 claims did not comply with Habeas Rule 2(c) because of its "prolixity," <u>i.e.</u>, use of more words than necessary to express a thought); <u>Adams</u>, 897 F.2d at 333 (federal courts will not "sift through voluminous documents filed by habeas corpus petitioners in order to [find] the grounds or facts which allegedly warrant relief").

The Court dismisses this action without prejudice because Petitioner's claims appear to be wholly unexhausted in state court, and Petitioner has not addressed exhaustion in his response. In addition, the petition is nearly inscrutable. If Petitioner wishes to attempt again to initiate a habeas petition—the Court's records reflect that he has attempted unsuccessfully on numerous occasions in the past—he must draft a coherent petition using a correct form.

### III.  Miscellaneous Motions

#### a.  Motion to Extend Time (ECF No. 14)

Petitioner requests an extension of time to file a response to the order to show cause. Good cause appearing, the Court grants Petitioner's motion (ECF No. 14) <u>nunc pro tunc</u>.

#### b.  Motion for Recusal (ECF No. 5)

Petitioner appears to request recusal of Magistrate Judge Daniel Albregts because he is defendant in a separate action "as a result of judicial neglect of [Petitioner's] person and property." (ECF No. 5) The Court finds Petitioner's motion lacks merit and denies his motion.

#### c.  Motion for Appointment of Counsel (ECF No. 17)

Because Petitioner's claims are unexhausted and his petition lacks merit, the Court denies Petitioner's motion for appointment of counsel.

#### d.  Motion Ex Parte Emergency Letter (ECF No. 3), Motion to Expedite Screening (ECF No. 4), Motion for Reconsideration (ECF No. 6), Motion for Reconsideration (ECF No. 9), Motion to Add Defendant (ECF No. 10), Motion

1    **to Compel (ECF No. 12), Motion to Compel an Answer (ECF No. 13), Motion**
2    **to Add Defendant (ECF No. 16), and Motion for Declaration of Default**
     **Judgment (ECF No. 18).**

3         Petitioner's motion ex parte emergency letter (ECF No 3), Motion to Expedite Screening
4    (ECF No. 4), Motion to Add Defendant (ECF No. 10), Motion to Compel (ECF No. 12), Motion
5    to Compel Answer (ECF No. 13), Motion to Add Defendant (ECF No. 16), and Motion for
6    Declaration of Default Judgment (ECF No. 18) are all denied as moot.  In his motions for
7    reconsideration (ECF Nos. 6, 9), the Court is unable to discern the relief that Petitioner is
8    requesting as he references multiple cases in state and federal court.  He also appears to reiterate
9    his allegations related to false arrest and his work-related injury.  The Court finds these motions
10   lack merit and denies the motions (ECF Nos. 6, 9).

11        **IT IS THEREFORE ORDERED:**

12   1.  The petition (ECF No. 1-1) is DISMISSED without prejudice.

13   2.  The Clerk of the Court is directed to enter judgment accordingly and close this case.

14   3.  A certificate of appealability is DENIED because jurists of reason would not find
15       debatable whether the Court is correct in dismissing this action.

16   4.  Petitioner's Motion to Extend (ECF No. 14) is GRANTED nunc pro tunc.

17   5.  Petitioner's Motion Ex Parte Emergency Letter (ECF No. 3), Motion to Expedite
18       Screening (ECF No. 4), Motion for Recusal of Judge (ECF No. 5), Motion for
19       Reconsideration (ECF No. 6), Motion for Reconsideration (ECF No. 9),  Motion to
20       Add Defendant (ECF No. 10), Motion to Compel (ECF No. 12), Motion to Compel an
21       Answer (ECF No. 13), Motion to Add Defendant (ECF No. 16), Motion for
22       Appointment of Counsel (ECF No. 17), and Motion for Declaration of Default
23       Judgment (ECF No. 18) are DENIED.

24
25   DATED this 28th day of April 2023.

26
27   
28   RICHARD F. BOULWARE, II
     UNITED STATES DISTRICT JUDGE