UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Houston,<br><br>   Plaintiff,<br><br>   v.<br><br>Bean *et al.*,<br><br>   Defendants. | Case No. 2:23-cv-00031-RFB-DJA<br><br>**ORDER** |

    On October 31, 2023, the Court denied Plaintiff Matthew Houston's Motions to Reinstate a Screening Briefing and Motion to Extend Time to File an Amended Complaint [ECF Nos. 22, 23 and 28]. ECF No. 29. Mr. Houston argued that an exhaustion of state remedies was not necessary to prevent further injustice. The Court rejected this argument, noting that it previously dismissed the case without prejudice due to Plaintiff's failure to exhaust his claim in state court, and to date, Plaintiff has still failed to exhaust those claims. Moreover, Plaintiff has failed to address the exhaustion issue in his briefings.

    The Court's October 31, 2023, order was a final order adverse to Mr. Houston. As such, Rule 11(a) of the Rules Governing Section 2255 Cases requires this Court to issue or deny a certificate of appealability ("COA"). See also 28 U.S.C. § 2253(c)(1)(B). Without a COA, Mr. Houston "may not appeal that denial." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). To issue a COA, the Court must find that Mr. Houston "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the Court looks for a showing that "reasonable jurists would find [this Court's] assessment of the constitutional

claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the Court found that Mr. Houston's claims were wholly unexhausted, the Court finds that no reasonable jurist could find the Court's assessment debatable or wrong.

**IT IS THEREFORE ORDERED** that Defendant Matthew Houston is DENIED a Certificate of Appealability.

DATED: January 24, 2024



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**