**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MATTHEW TRAVIS HOUSTON,

Petitioner,

v.

JEREMY BEAN, *et al.*,

Respondents.

Case No. 2:23-cv-00031-RFB-DJA

**ORDER**

This closed habeas matter comes before the Court on Petitioner Matthew Travis Houston's Motions for New Trial (ECF Nos. 33, 36), Motions to Vacate ECF No. 29 Order (ECF Nos. 34, 39), Motion to Stay Discovery (ECF No. 35), Motion for Stay and Abeyance (ECF No. 38), Motion to Establish Factual Innocence (ECF No. 40), Motion to Compel Investigation (ECF No. 43), Motion for Relief (ECF No. 44), Motion to Betsy Allen for Relief (ECF No. 45), and Motion for Reconsideration (ECF No. 47), Motion for Reconsideration (ECF No. 51), and Emergency Objection to a Court Order (ECF No. 52).

## I. BACKGROUND

Houston challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. State of Nevada v. Matthew Houston, Case No. C-21-357927-1. On December 8, 2021, the state court entered a judgment of conviction for aggravated stalking and sentenced Houston to 24 to 96 months. Houston filed a notice of appeal on February 18, 2022. The Nevada Supreme Court dismissed Houston's appeal for lack of jurisdiction based on Houston's untimely notice of appeal. Matthew Houston v. State of Nevada, Case No. 84281. On May 26, 2022, Houston filed a state petition for writ of habeas corpus. Matthew Houston v. Calvin Johnson, Case No. C-21-357927-1. His state habeas petition appears to remain pending.

In January 2023, Houston filed a federal habeas petition in this matter as well as various miscellaneous motions. ECF Nos. 1-4. In February 2023, the Court instructed Houston to show

cause why the petition should not be dismissed as unexhausted. ECF No. 7. The show cause order explained that Houston's claims are subject to dismissal because they are wholly unexhausted. In his response, Houston failed to address why this action should not be dismissed because of his failure to exhaust his claims in Nevada courts. As previously stated, as best as the Court can tell, Houston alleges that he was falsely arrested, that he suffered a work related injury, and attached exhibits of cases he has filed in state court that are unrelated to his state habeas post-conviction claims. The Court dismissed this action without prejudice because Houston's claims appear to be wholly unexhausted in state court, and Houston has not addressed exhaustion in his response. In addition, the petition is nearly inscrutable. See ECF No. 19.

## II. DISCUSSION

Houston has again filed multiple miscellaneous motions, with some styled as "emergency motions[1]," appearing to request a new trial, for discovery, to vacate the Court's orders, for a stay and abeyance, and asserting a claim of actual innocence. Although Houston has attached a docket journal entry from state court indicating that the state court appointed counsel for the purposes of discussing his state habeas petition, his claims nonetheless appear to remain wholly unexhausted. To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999); Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

To the extent Houston is requesting the Court vacate its order dismissing his petition, the Court will construe the motion as a request for reconsideration to alter or amend the judgment,[2] the new information he presents does not change the defects that required dismissal of his petition.

---

[1] The motions do not present an emergency under Local Rule 7-4.

[2] Under Rule 59(e) of the Federal Rules of Civil Procedure, a motion to alter or amend judgment for any reason may be filed no later than 28 days after entry of judgment. A motion seeking reconsideration should not be granted, "absent highly unusual circumstances," unless the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. Marlyn Nutraceuticals, Inc. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009); Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Thus, the dismissal was not an error or manifestly unjust decision. Accordingly, Houston's motions are denied.

This action has been, and remains, closed. In addition, Houston's petition is nearly inscrutable. If Houston wishes to seek relief in this Court he must file a new action, with a new case number, on the correct court-required form (when applicable) accompanied by the filing fee or a fully completed application to proceed *in forma pauperis*.

As stated previously, the Habeas Rules require that a petition: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242. Habeas Rule 2(c). To comply with this rule, a petitioner must state specific particularized facts that entitle him to habeas relief for each ground alleged. Mayle v. Felix, 545 U.S. 644, 649 (2005). The facts alleged must provide sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition should proceed. Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). However, "a habeas petition should not resemble a treatise. Effective writing is concise writing." Spaziano v. Singletary, 36 F.3d 1028, 1031 n.2 (11th Cir. 1994) (noting that a multi-volume 376-page habeas petition raising 23 claims did not comply with Habeas Rule 2(c) because of its "prolixity," *i.e.*, use of more words than necessary to express a thought); Adams, 897 F.2d at 333 (federal courts will not "sift through voluminous documents filed by habeas corpus petitioners in order to [find] the grounds or facts which allegedly warrant relief").

In addition, the Court will direct the Clerk of Court to designate Petitioner as a restricted filer in this matter and to not accept any further filings in this closed action other than a notice of appeal from this order.

///

///

///

///

///

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Matthew Travis Houston's Motions for New Trial (ECF Nos. 33, 36), Motions to Vacate ECF No. 29 Order (ECF Nos. 34, 39), Motion to Stay Discovery (ECF No. 35), Motion for Stay and Abeyance (ECF No. 38), Motion to Establish Factual Innocence (ECF No. 40), Motion to Compel Investigation (ECF No. 43), Motion for Relief (ECF No. 44), Motion to Betsy Allen for Relief (ECF No. 45), Motion for Reconsideration (ECF No.47) Motion for Reconsideration (ECF No. 51), and Emergency Objection to a Court Order (ECF No. 52) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court will designate petitioner as a restricted filer in this matter and that the Clerk shall return unfiled any further papers submitted by Petitioner in this matter other than a notice of appeal from this order.

**IT IS FURTHER ORDERED** that, to the extent required, a Certificate of Appealability is **DENIED**, as jurists of reason would not find the district court's disposition of petitioner's filing to be debatable or incorrect.

**DATED:** June 21, 2024

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE